IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| THOMAS MCBRIEN | ) |
| Plaintiff, | ) |
| v. | ) No. 16-CV-6058-FJG |
| RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., and JARROD WHITSON, | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. No. 10).

## I. BACKGROUND

In plaintiff's Petition ("Petition"), plaintiff alleges that after suffering from a medical disability, plaintiff was treated differently from other similarly situated employees in that he was forced to submit to a more stringent medical review, was given different work at a reduced wage, had his insurance terminated, and failed to receive other monetary awards. Doc. No. 1-3, ¶¶ 14-27.

On April 7, 2016, plaintiff filed his Petition in state court. In that petition, plaintiff asserts one claim for disability discrimination under the Missouri Human Rights Act. Doc. Id. ¶¶ 28-37. Plaintiff seeks compensatory damages related to lost wages and benefits, emotional pain and suffering, future lost wages and benefits and punitive damages. Id. ¶¶ 36-37.

On May 16, 2016, defendants removed the case to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441 asserting that plaintiff's claim is preempted by § 301 of the Labor Management Relations Act (LMRA) and ERISA. Plaintiff filed the pending motion

to remand on June 29, 2016.

## II.   STANDARD

A motion for remand will be granted if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that federal subject matter jurisdiction exists. Hale v. Cottrell, Inc., No. 11-CV-01273-SOW, 2012 U.S. Dist. LEXIS 189735, *3 (W.D. Mo. Apr. 17, 2012). Any doubts about federal jurisdiction should be resolved in favor of state court jurisdiction. Id. Federal jurisdiction only exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint" or when a federal statute "preempt[s] a field of law so completely that state law claims are considered to be converted into federal causes of action." Id. at *4 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1997) and Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)).

> § 301(a) of the Labor Management Relations Act provides:
>
>> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

28 U.S.C. § 185. This section completely preempts state law claims against employers when the claims are (1) based on duties created by a collective bargaining agreement or (2) require interpretation or application of a collective bargaining agreement. Hale at *5. See also Williams v. Nat'l Football League, 582 F.3d 863, 881 (8th Cir. 2009), Bogan v. GMC, 500 F.3d 828, 832 (8th Cir. 2007) and Caterpillar, 482 U.S. 386 at 394. The fact that a collective bargaining agreement may "have to be consulted during the course of state law litigation" is not enough to completely preempt a plaintiff's state law claim. Hale at *6

2

(citing Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)). The claim must be "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." Dailey v. Southside Mach. Works, Inc., No. 4:11-CV-1565 CAS, 2011 U.S. Dist. LEXIS 143032, *7 (E.D. Mo. Dec. 13, 2011).

## III. DISCUSSION

Plaintiff argues that this case should be remanded because plaintiff's claim arises solely under the MHRA. Additionally, he asserts that his state court Petition does not reference the collective bargaining agreement and does not allege any violations of the agreement itself or that defendants violated ERISA in any way and therefore requires no interpretation of the collective bargaining agreement.

In response, defendants argue that because plaintiff's complaint under the MHRA references defendant's return to work policy, the recertification physical, a union grievance, defendant's seniority system, and the alleged termination of insurance and employee benefits, plaintiff's claim requires the interpretation of the collective bargaining agreement and is therefore preempted by § 301 of the LMRA. Defendants rely on the Eighth Circuit's decision in Davis v. Johnson Controls, 21 F.3d 866 (8th Cir. 1994). In Davis, the Court held that plaintiff's MHRA claim was preempted by § 301 of the LMRA because Davis's failure to accommodate claim under the MHRA was directly related to his supervisor's authority under the parties' collective bargaining agreement to make accommodations. In that way, it can be said that resolution of Davis's claim required an interpretation and application of the provisions of the agreement, because whether the requested accommodations were reasonable is not merely a defense to the claim, but an element of the claim itself.

3

However, many other cases from within this circuit support granting a plaintiff's motion to remand unless plaintiff's claims are substantially dependent on an analysis of a collective bargaining agreement between the parties to an employment contract. See Dailey v. Southside Mach. Works, Inc., No. 4:11-CV-1565 CAS, 2011 U.S. Dist. LEXIS 143032 (E.D. Mo. Dec. 13, 2011), Marshall v. Am. Railcar Indus., No. 4:13-CV-0470-DGK, 2013 U.S. Dist. LEXIS 176302, *6-7, (W.D. Mo. Dec. 12, 2013) and Cochran v. Union Pac. R.R. Co., No. 10-0512-CV-W-FJG, 2010 U.S. Dist. LEXIS 86233, *1 (W.D. Mo. August 23, 2010) (granting plaintiffs' motions to remand where it was unnecessary to interpret and apply the terms of the collective bargaining agreement because the factual questions surrounding plaintiffs' MHRA claims went to employer conduct and motive, not to violations of the collective bargaining agreement itself.) For instance, in Dailey the Court held that if a plaintiff can establish a prima facie case of discrimination under the MHRA, the state law claims do not implicate federal interests. This no longer takes into account a defendant's anticipated defenses in showing a legitimate nondiscriminatory reason for the adverse action supported by provisions of the parties' collective bargaining agreement. Similarly, in Marshall, the Court found the MHRA claims were independent of the collective bargaining agreement, and the elements could be determined without reference to the collective bargaining agreement. Marshall at *9-10.

Therefore, looking only to the face of plaintiff's complaint, plaintiff's only claim is for violations of the MHRA. Like Dailey, Marshall, and Cochran, there are no allegations that defendants violated any provision of the collective bargaining agreement, the plaintiff does not reference the agreement in his complaint, there are no claims that the defendants violated ERISA and there are no claims for recovery of severance pay under defendant's health insurance plan. The duties imposed by the MHRA exist independent

of the collective bargaining agreement. The rights at issue are not created by the collective bargaining agreement and the allegations contained in plaintiff's complaint, if true, state a claim for discrimination under the MHRA with no reference to the collective bargaining agreement. Here, the only factual questions presented are about an employer's conduct and motive and therefore resolving plaintiff's MHRA claim is not dependent on an interpretation of the collective bargaining agreement.

Accordingly, the Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. No. 10). Although plaintiff requests an award of costs and expenses related to the removal pursuant to 28 U.S.C. § 1447(c), the Court does not find that defendants lacked an objectively reasonable basis for removal, and therefore declines to award costs and fees to plaintiff.

## IV. CONCLUSION

For all the foregoing reasons, plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED**. All other motions pending before this court are **DENIED** as moot. This case is remanded to the Circuit Court of Buchanan County, Missouri.

Date:  October 17, 2016                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                       United States District Judge